ALBERT W. NEUSCHELER, PLAINTIFF-RESPONDENT, v. FRANK G. SEE AND MABEL E. SEE, DEFENDANTS-APPELLANTS.

Submitted January 18, 1944—Decided April 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Michael S. Precker.*

For the defendants-appellants, *William E. Holmwood.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Second District Court of the City of Newark in favor of the plaintiffs and against the defendants on the counter-claim filed by defendants.

On March 2d, 1927, the defendants executed a bond and mortgage to the plaintiff in the sum of $1,000.  This was a second mortgage and later the first mortgage was foreclosed and the property sold.  Although the bond and mortgage were in the sum of $1,000, admittedly only $900, less search costs, was actually advanced by the plaintiff.  Plaintiff instituted the present suit upon a claim that there was a balance due on the loan of $495 together with interest from September 2d, 1940.

Defendants filed specification of defenses and a counter-claim.  Their position was that the transaction was usurious; that plaintiff was entitled to be repaid only his principal; that he had been repaid his principal and $501.40 more, by way of interest and bonuses, and that defendants were entitled to judgment for such amount in excess of principal, or such part thereof as did not exceed the jurisdiction of the District Court.

Upon the filing of the counter-claim, plaintiff filed a discontinuance of his cause of action and claimed before the District Court, and now claims in this court, that upon the discontinuance of his action the defendant could not proceed upon the counter-claim because it was not verified by affidavit.  Plaintiff cites *R. S.* 2:32–98:

"If defendant files a set-off, accompanied by affidavit that the set-off is not filed for delay and that plaintiff is indebted to him in a certain sum, plaintiff shall not, without defendant's consent, be permitted to discontinue his action or suffer a judgment of nonsuit.  In such case the cause, if plaintiff

does not move it for trial, shall be heard on defendant's motion.

"If defendant's evidence shows that plaintiff is indebted to him or that defendant is entitled to a judgment in his favor, defendant shall have judgment for the amount found due him, or such judgment shall be rendered as the defendant is found entitled to by the court."

We see no applicability of this section to the present action. Plaintiff was not denied the right to discontinue. On the contrary, the request to discontinue was expressly granted by the trial court. That, however, did not terminate the action. Section 2:32–123 provides:

"If the plaintiff in any action shall be nonsuited or shall discontinue or withdraw his action without the consent of the defendant where he may lawfully do so, * * * in case a set off, counter-claim or recoupment shall have been filed and such plaintiff shall appear to owe, or to be indebted to the defendant, then judgment shall be given against the plaintiff for the debt, or damages and the costs as otherwise allowed by law to the prevailing party."

Under this section the court clearly had jurisdiction, after the discontinuance of plaintiff's claim, to entertain and proceed to trial on the counter-claim.

It appears from the proofs that, as stated, $100 was withheld from the original sum of $1,000 as a bonus. It also appears that three additional bonuses of $100 each were paid during the years 1928, 1929 and 1930. Commencing in 1930 and continuing until 1939 payments were made on account of principal, and were so credited, to the total amount of $505. Down until September, 1930, interest was paid at the rate of six per cent. on the face amount of the bond, $1,000, and thereafter interest was charged on a smaller sum, although the sums used for the calculation of interest do not seem to coincide with the balance of principal due on the various dates.

Defendants contend that plaintiff was entitled to nothing more than repayment of the amount actually advanced, or $900, without any interest, and that defendants are now entitled to recover all sums in excess of $900 which they paid

to plaintiff. However, although the statute, *R. S.* 31:1–3, provides that the lender in a usurious transaction may recover only the amount actually advanced, without any interest at all, this is not an action by a lender to recover interest or principal but one by the borrower to recover back that which he claims to have already paid. In *D'Onofrio v. Galliotto,* 118 *N. J. Eq.* 271, the Court of Errors and Appeals held (at *p.* 274), "The pertinent words of the statute as to payments made before the bringing of suit appear in the same section and are: '* * * if any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid and recovery had for the balance only.' 'The sum or sums so paid' manifestly are premium or illegal interest. Interest up to and including six per centum per annum on the amount actually lent is not illegal; consequently the deduction to be credited on that account is the usurious interest paid in excess of that percentage." It would follow that in a suit by a borrower to recover back sums already paid, the lender is entitled to charge interest on the lawful amount of the loan and is not required to disgorge everything over and above the principal actually advanced. *Rosenstein v. Rosenstein,* 116 *N. J. L.* 517.

The right of a borrower to bring an action for the recovery of moneys usuriously paid is established. *Weitz v. Quigley,* 88 *N. J. L.* 617; *Damico v. Mayer,* 10 *N. J. Mis. R.* 287. The action is one *in assumpsit, Weitz v. Quigley, supra,* and therefore one to which the six year limitation of the statute applies. The trial judge in the present case held that the claim of the defendants was barred by the statute of limitations, and in dealing with the case said as follows:

"I will rule that the defendant in this action, the plaintiff on the counter-claim, is barred by the statute of limitations' from recovering any sum set up in this schedule, any sum prior to October 4th, 1937. That includes the bonus and the principal item. Of course, the principal is out, and the interest items. Since that time, $149 has been paid. Now, that apparently has been paid on account of interest and principal. That is the issue I am trying here. This is a

suit to recover all these items because of the usurious transactions. There is no denial the plaintiff in the original cause of action has a right to recover the principal sum due him. * * * The sums paid here do not indicate they were payments in excess of interest, and no usurious transaction having occurred since 1930, there will be a judgment for the plaintiff on the counter-claim."

We agree that the six year limitation applied and that the defendants can recover no sums they may have paid the plaintiff at a time more than six years before the service of the counter-claim upon the plaintiff. We do not agree, however, that it was necessary to defendants' cause of action that they should have made a payment of usurious bonus within six years. The defendants were entitled to prove the whole transaction, the original advance to them and the amounts they repaid, in order to establish its usurious nature and in order to establish if and when all lawful sums had been repaid. From the schedule, and the calculation based thereon, it would appear that plaintiff had been repaid his advance of $900 and all lawful interest thereon by September 30th, 1935; in fact, he had been overpaid some $9.22. Thereafter defendants paid $125 on account of principal and $174.60 interest. These items appear to have been usurious overpayments.

Some of these payments were made within the six year period and some preceded it, and as to those made within the limitation we think the defendants were entitled to prevail on their counter-claim. The judgment of the District Court is reversed, with costs, and the cause remanded to that court with instructions to enter judgment for all sums paid by defendants to plaintiff within the six years next preceding the filing of the counter-claim.